**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 2, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DAVID LAWLESS,

      Defendant-Appellant.

No. **20-1173**

---

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 11-CR-00278-WJM-1)**

---

Josh Lee, Assistant Federal Public Defender, (Virginia Grady, Federal Public Defender, with him on the briefs), Federal Public Defender Office, Denver, Colorado, for Defendant-Appellant.

Karl L. Schock, Assistant U.S. Attorney, (Jason R. Dunn, U.S. Attorney, with him on the brief), U.S. Department of Justice, Denver, Colorado, for Plaintiff-Appellee.

---

Before **HOLMES, SEYMOUR,** and **MORITZ,** Circuit Judges.

---

**SEYMOUR**, Circuit Judge.

---

In 2011, Mr. Lawless detonated or attempted to detonate five homemade bombs in three separate public places. He subsequently pled guilty to one count of using a destructive device to commit a crime of violence under 18 U.S.C § 924(c) and was sentenced to 20 years in prison pursuant to his plea agreement. In 2016, Mr. Lawless filed a motion for postconviction relief, arguing that in light of *Johnson v. United States*, 576 U.S. 591 (2015), arson no longer qualified as a § 924(c) crime of violence. The district court denied the motion on March 1, 2017, and he appealed.

Meanwhile, the Supreme Court invalidated § 924(c) for vagueness in *United States v. Davis*, 139 S. Ct. 2319 (2019), and this Court held that arson is not a crime of violence under § 924(c)(3)(A) in *United States v. Salas*, 889 F.3d 681 (10th Cir. 2018). We granted the parties' joint motion to vacate Mr. Lawless's § 924(c) conviction, to direct entry of a judgment of conviction for arson under 18 U.S.C. § 844(i), and to remand to the district court for resentencing. *See United States v. Lawless*, 789 F. App'x 100 (10th Cir. 2019) (unpublished). The district court held a hearing and sentenced Mr. Lawless to 144 months in prison on the one count of arson, varying upward from the advisory guideline sentence of 60 months. Mr. Lawless appeals his sentence as procedurally and substantively unreasonable, and we affirm.

## I.

### Background and Procedural History

In 2011, Mr. Lawless researched how to build bombs. He purchased gun powder, wicks, and propane tanks and manufactured five bombs. He detonated or attempted to

2

detonate the bombs in three public places including a mall bookstore, a restaurant, and outside of a hotel. Fortunately, no one was injured, largely because the bombs were poorly constructed and they were planted in the middle of the night. Once arrested, Mr. Lawless admitted this conduct.

The government charged Mr. Lawless with three counts of arson under 18 U.S.C. § 844(i) and four counts of violating 18 U.S.C. § 924(c)(3)(B), three of which carried a life sentence. In 2012, Mr. Lawless pled guilty to one count of violating 18 U.S.C. § 924(c) for using and carrying a destructive device during and in relation to the crime of violence (arson), an offense carrying a statutory minimum of thirty years. *Id.* § 924(c)(1)(B)(ii). The district court sentenced him to twenty years after granting the government's motion for a reduced sentence pursuant to 18 U.S.C. § 3553(e), based on Mr. Lawless's assistance in the investigation of a separate crime.

In 2016, after the Supreme Court decided *Johnson v. United States*, 576 U.S. 591 (2015), Mr. Lawless moved to vacate his sentence, arguing arson no longer qualified as a crime of violence under 18 U.S.C. § 924(c). The district court denied the motion, and Mr. Lawless appealed. While his appeal was pending, two cases were decided that invalidated his conviction: *United States v. Davis*, 139 S. Ct. 2319 (2019) (holding § 924(c)(3)(B) is unconstitutionally vague), and *United States v. Salas*, 889 F.3d 681 (10th Cir. 2018) (holding arson is not a crime of violence under the force clause of § 924(c)(3)(A)). Thereafter, in *United States v. Lawless*, 789 F. App'x 100 (10th Cir. 2019) (unpublished), we granted the parties' joint motion for a

3

summary disposition. We remanded to the district court with instructions to vacate Mr. Lawless's § 924(c) conviction and to enter a judgment and resentence him for an arson conviction under 18 U.S.C. § 844(i). *Id.*

At the resentencing hearing, Mr. Lawless asked for the advisory guidelines' sentence of sixty months,[1] the granting of which would have resulted in his immediate release for time served. Aple. Br. at 5. The government, on the other hand, asked for the maximum guideline sentence of 240 months, matching the length of Mr. Lawless's prior § 924(c) sentence. *Id.* The district court began by confirming the parties' agreement that the applicable statutory minimum yielded an advisory guideline sentence of sixty months. Rec., vol. V at 29-30. It then engaged extensively with the parties over their arguments and finally analyzed the § 3553(a) factors. The court acknowledged that Mr. Lawless has long suffered from mental illnesses for which he has sought psychiatric help and that he has amassed a stellar prison record. But it also detailed the danger that Mr. Lawless's bombs posed to the community. Ultimately the court granted in part the government's motion for an upward variance and sentenced Mr. Lawless to 144 months in prison. Under his new sentence, Mr. Lawless is set to be released from prison in September 2021.

---

[1] The advisory guideline range based on a total offense level of 21 and a criminal history category of II was 41 to 51 months. Rec., vol. II at 93, ¶ 20. Because this range was below the statutory minimum sentence of 60 months, however, the sixty months minimum became the guideline sentence. *Id.*

On appeal, Mr. Lawless maintains that this upward variance was both procedurally and substantively unreasonable. We review the reasonableness of his sentence in two steps. First, we determine if there was reversible procedural error. *United States v. Sanchez-Leon*, 764 F.3d. 1248, 1261 (10th Cir. 2014) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Second, absent reversible procedural error, we consider the substantive reasonableness of his sentence. *Id.*

## II.

### Procedural Reasonableness

Mr. Lawless contends his sentence is procedurally unreasonable, arguing that the district court (1) gave substantial weight to his invalidated sentence, (2) refused to credit him for assisting the government, (3) sentenced him as if he had intended to maximize injury and death, and (4) failed to consider that no one was injured. Because Mr. Lawless preserved his procedural challenge, we review the procedural reasonableness of his sentence for abuse-of-discretion, reviewing de novo the district court's legal conclusions regarding the guidelines and its factual findings for clear error. *Id.*

Our review of a sentence's procedural reasonableness "focuses on the manner in which the sentence was calculated." *Id.* (quoting *United States v. Masek*, 588 F.3d 1283, 1290 (10th Cir. 2009)). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or

5

failing to adequately explain the chosen sentence." *Id.* at 1261-62 (quoting *Gall*, 552 U.S. at 51).

## A.    *Mr. Lawless's Invalidated 260-Month Sentence*

Mr. Lawless asserts the district court procedurally erred because it "anchor[ed]," his current sentence in his previous invalidated sentence. Aplt. Br. at 29. He says that the prior 240-month sentence was "the first thing the judge mentioned as a point that had 'merit' and that he took 'into consideration' in deciding to grant the Government an upward variance." *Id.*

We disagree with this characterization. As the government points out, "[t]he district court began the sentencing hearing by calculating an advisory guideline sentence of 60 months, to which the parties agreed." Aple. Br. at 7; rec., vol. V at 29-30. And again, after the government argued for a 240-month sentence, the court reiterated that "with this arson conviction, we have a guideline sentence of 60 months." Rec., vol. V at 34. The court said it had "never quadrupled a guideline sentence" and challenged the government to justify its recommended sentence in light of Mr. Lawless's new conviction for arson:

> [H]ow do you respond to the explicit argument that 240 months, given the new guideline sentence of this count as opposed to what the guideline range was for the prior count, which is vacated, and . . . that is the new terrain you're dealing with. I agree with you, the facts have not changed . . . *But legally a lot has changed, and one of those changes is that because the prior conviction on the 924(c) count was vacated, and we're now resentencing on a wholly different count*, which has a significantly different guideline range, that it would open up the argument that in this context, on this charge, with this

6

> guideline sentence of 60 months, 240 months, a quadrupling of
> that amount is a substantively unreasonable sentence . . .

*Id.* at 35 (emphasis added). Moreover, when explaining its ruling, the court emphasized "that a guideline sentence in this case would be lower than necessary to accomplish the goals of sentencing and I will instead impose a sentence above the guideline sentence." *Id.* at 85.

These statements show the court was fully cognizant of, and anchored its analysis in, the guideline sentence of sixty months. As such, the court did not commit a procedural error.

B.      *Cooperation with Government*

Mr. Lawless also contends the district court erred by failing to consider his cooperation with the government as a mitigating factor. We are not persuaded. The court considered both Mr. Lawless's argument regarding his substantial assistance to the government and the government's counter argument that his assistance proved too self-serving to be useful. The court did not err when it agreed with the government that Mr. Lawless's cooperation was not a mitigating factor because "[s]ubstantial weight should be given to the government's evaluation of the extent of the defendant's assistance." U.S.S.G § 5K1.1 app. n. 3. The court explicitly deferred to the government's assessment and ruled against Mr. Lawless. Rec., vol. V at 76-77. In so doing, the district court did not procedurally err.

7

*C.*     *Intent to Maximize Damage and Injury*

Mr. Lawless next argues that it was "unreasonable and clearly erroneous for the district court to sentence Mr. Lawless as if he had acted with the intent of maximizing the potential for harm to other people." Aplt. Br. at 36. He reasons that the court committed clear error by assessing "Mr. Lawless's overall culpability as if the offense had been a deliberate attempt to injure and kill other people." *Id.* Given the extensive evidence before the district court, we disagree.

Mr. Lawless planted five bombs in three public locations, albeit at night. He planted three bombs at a bookstore. One bomb consisted of an aluminum bottle, filled with suspected smokeless powder and equipped with an improvised pyrotechnic type fuse, attached to a propane tank. Rec., vol. II at 22, ¶ 10. The bomb was installed on "a significant amount of suspected smokeless powder." *Id.* Another bomb that consisted of "a large propane container" was placed on a table inside the bookstore near a candle. *Id.* at ¶ 12. Mr. Lawless also planted a bomb outside of an occupied hotel, within fifteen feet of an exterior patio. *Id.* at 23, ¶ 17. Guests sitting on the patio reported the explosion and the ensuing fire. *Id.*

At the sentencing hearing, the district court rejected Mr. Lawless's argument that he planted his bombs at night "to ensure that no one was hurt." Rec., vol. V at 45-46. The court said: "There's no evidence before me that there were no human beings within miles of these locations in the middle of the [night] . . . There could have been security guards, there could have been maintenance folks." *Id.* at 46. Ultimately, it found that, in

8

all likelihood, Mr. Lawless intended to cause death or serious injury. Given the evidence before the district court, we are not persuaded that its finding as to Mr. Lawless's intent was clearly erroneous.

D.    *Absence of Injury*

Mr. Lawless further argues that the district court "erred by failing to take into account . . . that [his] offense did not result in substantial property damage or personal injury." Aplt. Br. at 39. This is not correct.

At the hearing, the court manifested its understanding that Mr. Lawless's bombs did not cause an injury. For example, it corrected the government's statement that Mr. Lawless's bombs had three victims. Addressing the government, it said "I think Mr. Holloway you misspoke right now. You said three separate victims. If there are victims of these IEDs, that's news to me." Rec., vol. V at 41-42. As this example illustrates, the court was mindful that Mr. Lawless's bombs did not cause injuries and therefore it did not procedurally err by considering a clearly erroneous fact.

## III.

### Substantive Reasonableness

Mr. Lawless also argues that his sentence is substantively unreasonable. "A substantive challenge concerns the reasonableness of the sentence's length and focuses on the district court's consideration of the § 3553(a) factors and the sufficiency of the justifications used to support the sentence." *Sanchez-Leon*, 764 F.3d at 1267 (citations and quotation marks omitted).

9

We review the substantive reasonableness of a sentence for abuse of discretion. *Id.* (citing *United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir.2013)). "We give 'substantial deference' to the district court and will only overturn a sentence that is 'arbitrary, capricious, whimsical, or manifestly unreasonable.'" *United State v. Peña*, 963 F.3d 1016, 1024 (citing *United States v. Sayad*, 589 F.3d 1110, 1116, 1118 (10th Cir. 2009)). We defer "not only to a district court's factual findings but also to its determinations of the weight to be afforded to such findings." *United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008). A "sentence is more likely to be within the bounds of reasonable choice when the court has provided a cogent and reasonable explanation for it." *United States v. Barnes*, 890 F.3d 910, 917 (10th Cir. 2018). Here, the district court was deliberate in its decision to grant in part the government's motion for an upward variance. It thoughtfully analyzed the § 3553(a) factors and diligently weighed the parties' arguments.

The district court found this case to be far from a typical arson. It said Mr. Lawless's conduct was truly disturbing and very serious "not only for its dangerousness, but also for its potential for the violent infliction of lethal and serious bodily harm on a widespread scale." Rec., vol. V at 70-71. It explained that Mr. Lawless's crime required much planning and time: "Mr. Lawless had to research and learn how to construct an IED in the first place." *Id.* at 78. Indeed, the court was alarmed by "the premeditated and intentional nature of" building five bombs and deploying them in three "very public locations." *Id.* at 78-79. It described this case as unlike any it had ever encountered

10

because Mr. Lawless's conduct placed so many "members of the public in the immediate threat of death and serious bodily injury." *Id.* at 79. As the court emphasized,

> The defendant points out in his filings that no one was injured and there was just minor property damage as a result of this conduct. The implicit argument here is that the fact that the bombs did not successfully detonate and kill or injure individuals should be a consideration mitigating the defendant's culpability in this case.
>
> At its extreme, this would be an argument for the proposition that an unsuccessful attempt at committing a crime absolves one from the culpability for that crime. This is [an] absurd argument . . . . To the extent the defendant means to suggest such an argument in this courtroom, I find it to be utterly without merit.
>
> But even the less expansive argument, that the fact that no one was killed or injured is a fact that I should consider in mitigation, comes up short, and I reject that as well. Indeed, had the IED successfully detonated and taken someone's life, Mr. Lawless would have certainly faced, if not murder, at least manslaughter charges in state court.
>
> So the fact that no one was killed and no one was injured in this case is already taken into account by the nature of the charges the defendant faces in this case. And as a result, it is not, in my view, a factor in mitigation for Mr. Lawless.

*Id*. at 79-80.

The court also considered the mitigating factors, including Mr. Lawless's "sterling record while incarcerated, the professional assessment of an examining psychiatrist, [and] the extraordinary and unfailing support he's received from his family." *Id.* at 81. It concluded that Mr. Lawless is "a far different person than the person who went on this deranged spree in June of 2011." *Id.* In granting in part the government's motion for

11

upward variance, the court returned to the guideline and decided that a sentence of 60 months was "lower than necessary to accomplish the goals of sentencing." *Id.* at 85. In short, its decision was not "arbitrary, capricious, whimsical, or manifestly unreasonable."

Mr. Lawless argues he was punished more harshly than those who intentionally and actually cause serious bodily injury or death. *See* Aplt. Br. at 39-42. This argument is misleading because, as the government points out, if Mr. Lawless's bombs had killed or injured someone, the charges would have been entirely different and the district court could have imposed an upward variance for each count. More to the point, comparing Mr. Lawless's sentence to that of a hypothetical defendant is irrelevant because courts must consider the unique facts of each case in calculating the proper sentence. *See Gall,* 552 U.S. at 52 ("It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.") (quoting *Koon v. United States*, 518 U.S. 81, 113 (1996)).

Mr. Lawless invites us to reweigh the district court's balancing of the § 3553(a) factors including the severity of his offense, mitigating circumstances, need for deterrence, need to protect the public, and need to avoid unwarranted sentence disparities. We decline that invitation because reweighing the factors is beyond the ambit of our review. *Smart*, 518 F.3d at 808 ("We may not examine the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between them, as

a legal conclusion to be reviewed de novo").  For our purposes, it is enough that the district court thoroughly weighed each of these § 3553(a) factors, reached a logical conclusion, and detailed its reasoning.  *Barnes*, 890 F.3d at 916 ("[W]e uphold even substantial variances when the district court properly weighs the § 3553(a) factors and offers valid reasons for the chosen sentence.").

The district court did not abuse its discretion when it imposed a 144-month sentence because its sentence was neither substantively nor procedurally unreasonable.  Accordingly, we affirm.