FILED
**United States Court of Appeals
Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 21, 2021**

**Christopher M. Wolpert
Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MALCOLM EUGENE MOORE,

    Defendant - Appellant.

No. 21-5048
(D.C. No. 4:98-CR-00044-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Malcolm Moore, proceeding pro se,[1] appeals the district court's order granting

in part his motion for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A)(i). For the

reasons explained below, we affirm.

In 1998, a jury convicted Moore of three counts of bank robbery with a

dangerous weapon, in violation of 18 U.S.C. § 2113(a) and (d), and three counts of

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] We construe Moore's pro se brief liberally, "but we do not act as his advocate." *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019).

using or carrying a firearm during and in relation to a crime of violence, in violation

of 18 U.S.C. § 924(c). The district court sentenced him to 690 months in prison: three

concurrent 150-month terms for the three bank-robbery counts, a consecutive 60-

month term for the first § 924(c) count, and two additional consecutive 240-month

terms for the second and third § 924(c) counts.

In February 2021, Moore filed a motion for a reduced sentence under

§ 3582(c)(1)(A)(i), which provides in relevant part that a district court "may reduce

the term of imprisonment" if a defendant can show extraordinary and compelling

reasons. The statute further directs the district court to consider the sentencing factors

in 18 U.S.C § 3553(a) when deciding whether to grant such relief.[2] As extraordinary

and compelling reasons, Moore primarily noted his age, health conditions, progress

toward rehabilitation, and—most critically—the extreme length of the two

consecutive 240-month sentences for his second and third § 924(c) convictions when

compared to the sentences he would face today for the same convictions. That is, at

the time of Moore's conviction, § 924(c)(1)(C) mandated lengthy consecutive

sentences for subsequent § 924(c) convictions, "even if those convictions occurred at

the same time as a defendant's first conviction under the statute." *United States v.*

*Maumau*, 993 F.3d 821, 824 (10th Cir. 2021). But the First Step Act of 2018, Pub. L.

---

[2] Section 3582(c)(1)(A) also provides that any sentence reduction be
"consistent with applicable policy statements issued by the Sentencing Commission."
But as Moore argued below and as the district court agreed, there are currently no
applicable policy statements for defendant-filed motions for a reduced sentence. *See*
*United States v. McGee*, 992 F.3d 1035, 1048–50 (10th Cir. 2021).

115-391, 132 Stat. 5194, amended § 924(c) to mandate a lengthy consecutive sentence "for a second or subsequent conviction of § 924(c) . . . *only if* the defendant's first § 924(c) conviction is final at the time of the second or subsequent § 924(c) conviction." *Maumau*, 993 F.3d at 824 (emphasis added). Thus, Moore argued, if he were sentenced today, he would receive only consecutive *60-month* sentences for his second and third § 924(c) convictions. *See* § 924(c)(1)(A)(i) (setting generally applicable 60-month mandatory minimum).

Additionally, Moore contended that relief was warranted under the sentencing factors in § 3553(a), citing again his age and rehabilitation efforts. Overall, Moore asked the district court to reduce the consecutive sentences for his second and third § 924(c) convictions from 240 months to 60 months, for "a total sentence of 330 months, leaving approximately four years left to serve." R. vol. 1, 141.

The district court granted Moore's motion in part. It concluded that Moore's age and health conditions did not constitute extraordinary and compelling circumstances because although Moore is approximately 50 years old and has various medical diagnoses, he is currently in "stable medical condition." *Id.* at 145. But the district court agreed that the "gross disparity between [Moore's] sentence and the sentence that a person would receive today for the same conduct," as well as the sentencing court's lack of discretion on the § 924(c) portion of Moore's sentence, constituted extraordinary and compelling reasons warranting a sentence reduction.[3]

---

[3] The district court, however, questioned Moore's underlying assertion that, if sentenced today, he would face 60-month sentences for *both* his second and third

*Id.* at 145–46; *see also Maumau*, 993 F.3d at 837 (affirming § 3582(c)(1)(A)(i) sentence reduction that was based in part on "'incredible' length of [defendant's] stacked mandatory sentences under § 924(c)[,] the First Step Act's elimination of sentence-stacking under § 924(c)[,] and the fact that [defendant], 'if sentenced today, . . . would not be subject to such a long term of imprisonment'" (omission in original) (quoting App. 191)).

The district court then turned to the § 3553(a) factors, noting Moore's extensive criminal history, serious bank-robbery and firearm convictions, and significant prison disciplinary record. Moreover, the district court noted that Moore committed the bank robberies just six months after being released from state custody. It concluded that "[a]lthough a reduction in sentence is justified, the serious nature of the instant crimes and the history and characteristics of the defendant, to include his poor institutional adjustment, demand substantial punishment." R. vol. 1, 146–47. The district court accordingly declined to grant the entire reduction that Moore sought, from 690 months to 330 months. Instead, it reduced his sentence to 474 months: the original three 150-month concurrent sentences for bank robbery, the original consecutive 60-month sentence for the first § 924(c) conviction, and reduced consecutive sentences for the second and third § 924(c) convictions of 144 and 120

---

§ 924(c) convictions; on the contrary, it noted, one of those convictions likely carried a mandatory minimum sentence of 84 months because Moore brandished a firearm. *Compare* § 924(c)(1)(A)(i) (providing general 60-month mandatory minimum), *with* § 924(c)(1)(A)(ii) (providing 84-month mandatory minimum if firearm was brandished).

months. As a result of this reduction, we judicially notice that, according to the Bureau of Prison's publicly available records, Moore's expected release date is now January 5, 2033. *See* Fed. Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc// (under "Find by Name," enter "Malcolm Eugene Moore") (last visited Dec. 17, 2021); *United States v. Muskett*, 970 F.3d 1233, 1237 n.4 (10th Cir. 2020) (taking judicial notice of defendant's release date), *cert. denied* 141 S. Ct. 1710 (2021).

Moore now appeals. We review the district court's decision on a sentence-reduction motion for abuse of discretion. *United States v. Mannie*, 971 F.3d 1145, 1155 (10th Cir. 2020).

Moore argues that the district court abused its discretion in concluding that the § 3553(a) factors did not warrant the full reduction he sought. Specifically, Moore contends that the district court "failed to adequately consider . . . his post[]sentence rehabilitation efforts" and erred in focusing on Moore's disciplinary infractions rather than on the fact that he has not had any *recent* infractions and has completed a variety of Bureau of Prisons programming. Aplt. Br. 2. In support, he argues that although he did not arrive in prison as a model inmate, "[r]eal rehabilitation takes time." *Id.* at 4. And he contends that his more recent prison record demonstrates such rehabilitation.

But reweighing the district court's balancing of the § 3553(a) factors "is beyond the ambit of our review." *United States v. Lawless*, 979 F.3d 849, 856 (10th Cir. 2020). Indeed, "[b]ecause the weighing of the § 3553(a) factors is committed to

5

the discretion of the district court, we cannot reverse 'unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'" *United States v. Hald*, 8 F.4th 932, 949–50 (10th Cir. 2021) (quoting *United States v. Chavez-Meza*, 854 F.3d 655, 659 (10th Cir. 2017), *aff'd*, 138 S. Ct. 1959 (2018)). And here, we have no such conviction. We see no error of judgment in the district court's conclusion that granting a greater reduction would result in a sentence that did not sufficiently "reflect the seriousness of the offenses, promote respect for the law, protect the public from further crimes, and afford adequate deterrence." R. vol. 1, 147. Nor did the district court abuse its discretion in emphasizing Moore's criminal history, the circumstances of his offenses, and Moore's conduct during the first stretch of his incarceration over the evidence of Moore's more recent rehabilitation efforts.

Because the district court did not abuse its discretion in granting less of a sentence reduction than Moore requested, we affirm.[4]

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[4] Moore devotes a substantial portion of his brief to the argument that a district court must consider the § 3553(a) factors when deciding whether to grant a sentence reduction under a different subsection of the sentence-reduction statute, § 3582(c)(1)(B). Whatever the merits of that argument, it has no bearing on this case, which involves a sentence reduction under § 3582(c)(1)(A), a subsection that specifically directs the district court to consider the § 3553(a) factors, as the district court did here.