**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**May 27, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

AARON LANCE DODD,

    Defendant - Appellant.

No. 21-5077
(D.C. No. 4:20-CR-00283-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Following *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), Aaron Lance Dodd

successfully moved to dismiss a state domestic violence case and then pleaded guilty

in federal court to assault of an intimate partner and dating partner by strangling and

attempting to strangle in Indian country, in violation of 18 U.S.C. §§ 1151, 1153,

113(a)(8). A Presentence Investigation Report ("PSR") advanced a Sentencing

Guidelines range of 30 to 37 months. Mr. Dodd sought a variant sentence of

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

probation, similar to the deferred sentence he was serving in his state case. The district court, finding a pattern of domestic violence and that Mr. Dodd was manipulating the victim, imposed a sentence of 30 months' imprisonment. On appeal, Mr. Dodd challenges the substantive reasonableness of his sentence. Concluding Mr. Dodd has not overcome the presumption of reasonableness attributable to a within-Guidelines sentence based on the factual findings made by the district court, we affirm.

## I. BACKGROUND

In January 2020, a verbal altercation escalated into a physical attack, with Mr. Dodd lunging at, pushing, slapping, and attempting to strangle his intimate or dating partner, S.S. During the attack, Mr. Dodd threatened to kill S.S. and burn down her house. This incident was not the first time Mr. Dodd attacked S.S., as he was arrested in 2012 for domestic assault and battery with a dangerous weapon. When reporting these incidents to police, the Government contends S.S. also described other incidents of domestic violence by Mr. Dodd, including Mr. Dodd "strangl[ing] her to the point of unconsciousness on two prior occasions." Supp. ROA at 29; *see also id.* at 39 (Mr. Dodd conceding he had "no reason to dispute the representations made by the [G]overnment [regarding S.S.'s statements to authorities]"). Furthermore, although the 2020 incident resulted in the issuance of a protective order, Mr. Dodd violated the protective order and threatened to commit a murder-suicide.

The 2020 incident initially resulted in Mr. Dodd receiving a deferred sentence in an Oklahoma court on charges of domestic assault and battery by strangulation and threatening an act of violence. Following *McGirt*, Mr. Dodd obtained dismissal of the state case. A federal warrant then issued for Mr. Dodd's arrest relative to one count of assault of an intimate partner and dating partner by strangling and attempting to strangle in Indian country, in violation of 18 U.S.C. §§ 1151, 1153, 113(a)(8). Mr. Dodd pleaded guilty to the federal charge.

The PSR proposed a base offense level of fourteen, followed by a total of eight levels of enhancements and adjustments due to S.S. sustaining bodily injury, Mr. Dodd attempting to strangle S.S., and Mr. Dodd physically restraining S.S. Reducing the offense level by three levels for acceptance of responsibility, the PSR advanced a total offense level of nineteen. Combined with a criminal history category of I, the PSR calculated a Guidelines range of 30 to 37 months' imprisonment. In the absence of any objections to the PSR that impacted the calculations of the Guidelines range, the district court adopted the 30- to 37-month range.

Mr. Dodd argued for a downward variant sentence of probation. In support of this position, Mr. Dodd contended he had a difficult upbringing, his offense was the product of alcohol abuse, he received a deferred sentence in state court, S.S. sought only a sentence of probation, and a prison term would impose consequences on his disabled brother and his extended family. S.S. spoke to the court at some length, asking for a probation sentence and indicating mental health treatment was helping Mr. Dodd while he was on his deferred state sentence. S.S. also attested several times

to the material items Mr. Dodd provided her, including a house, a truck, a yard, and two sheds. The Government, for its part, sought a 37-month sentence, focusing on the prior domestic violence incidents and the serious nature of Mr. Dodd's conduct, both in the present offense and during the 2012 domestic violence incident. The Government also contended that Mr. Dodd violated the protective order, including by attempting to control S.S. and manipulate her into not cooperating with prosecutors. Mr. Dodd disputed that he engaged in a series of domestic violence incidents, contending there were only two charged incidents of domestic violence.

The district court noted that S.S. focused on the material items Mr. Dodd provided her and found that there was "every indication here of manipulation by [Mr. Dodd] of [S.S.] . . . . classic manipulation." *Id.* at 38; *see id.* at 43 ("There is ample evidence here that [Mr. Dodd] is manipulating the victim."). The district court also reflected that Mr. Dodd "could kill [S.S.] too. And he came darn close to it [in January 2020]." *Id.* at 38–39. Finally, the district court recited the PSR's finding that Mr. Dodd violated the protective order as recently as May 2021 and "threatened to commit a murder-suicide" and "threatened the victim to not proceed with prosecution." *Id.* at 42–43. Based on these findings, the district court denied Mr. Dodd's motion for a downward variance. The district court then sentenced Mr. Dodd to a term of 30 months' imprisonment.

## II.    DISCUSSION

On appeal, Mr. Dodd raises a single challenge—the district court imposed a substantively unreasonable sentence. In support of this challenge, Mr. Dodd contends

(1) his offense was an aberration fueled by alcohol abuse, (2) his upbringing and alcohol and mental health issues mitigate his culpability, (3) a prison term will significantly burden his family, and (4) the federal sentence is grossly disproportional compared to the deferred sentence he was completing under the state charge for the same offense conduct. But Mr. Dodd does not contend the district court clearly erred in making any of its factual findings regarding his prior domestic violence conduct, his manipulation of S.S., or his violation of the protection order. *Cf. United States v. Lawless*, 979 F.3d 849, 853 (10th Cir. 2020) (noting within procedural reasonableness review court applies clear error standard to district court's factual findings). We state the applicable standard of review before analyzing Mr. Dodd's challenge to his sentence.

### A.    *Standard of Review*

"We review a district court's sentencing decision for substantive reasonableness under an abuse-of-discretion standard, looking at the totality of the circumstances." *United States v. Cookson*, 922 F.3d 1079, 1090 (10th Cir. 2019) (internal quotation marks omitted). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* (quotation marks omitted).

In conducting our abuse of discretion review, "we do not reweigh the sentencing factors; rather, we ask whether the sentence fell within the range of rationally available choices that the facts and law at issue can fairly support." *United States v. Miller*, 978 F.3d 746, 754 (10th Cir. 2020). This is because "the sentencing

judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) in the individual case." *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)) (brackets omitted). Thus, "[t]hat we might reasonably have concluded a different sentence was appropriate is insufficient to justify reversal of the district court." *Cookson*, 922 F.3d at 1090 (quotation marks omitted). Finally, where, as in this case, the district court imposed a within-Guidelines sentence, "we presume [the] sentence is reasonable" and the defendant "bears the burden of rebutting the presumption." *United States v. Henson*, 9 F. 4th 1258, 1288 (10th Cir. 2021) (quotation marks omitted).

### B.    *Analysis*

Relative to Mr. Dodd's first two arguments, the district court was presented with competing concerns under the 18 U.S.C. §3553(a) factors. On the one hand, Mr. Dodd experienced a difficult childhood with little parental guidance and there was record evidence demonstrating that alcohol use, albeit voluntary alcohol use, influenced Mr. Dodd's conduct on the day of the offense. On the other hand, this was not the first time Mr. Dodd attacked S.S., the attack involved a significant degree of force and violence, and Mr. Dodd's conduct when violating the protective order threatened additional and even more severe violence against S.S. Furthermore, with the benefit of hearing S.S.'s statement in person, the district court astutely observed that one of the focuses of S.S.'s statement was about relying on Mr. Dodd for material support. And the district court found that Mr. Dodd had manipulated S.S., a finding that neither Mr. Dodd contends on appeal was clearly erroneous nor that

appears erroneous on the face of the record. As a result, while the "history and characteristics" of Mr. Dodd—i.e., his upbringing and the alcoholism issue from which he suffers—might have counseled in favor of a below-Guidelines sentence, 18 U.S.C. § 3553(a)(1), the "nature and circumstances of the offense," "the seriousness of the offense," and the need to deter Mr. Dodd and protect the public all served as aggravating factors supporting at least a Guidelines sentence, 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C). With these countervailing factors, we cannot say the district court reached an arbitrary sentence outside the range of rationally available choices.

Turning to Mr. Dodd's third argument, while a district court may consider a defendant's family circumstances, family circumstances are a disfavored basis for granting a departure or selecting a downward-variant sentence. *See United States v. Munoz-Nava*, 524 F.3d 1137, 1148 (10th Cir. 2008) (observing that "family circumstances were likewise disfavored in the § 3553(a) analysis"); *see also* United States Sentencing Guidelines Manual, § 5H1.6 (policy statement) (2018). And Mr. Dodd providing care for his brother and hoping to maintain a relationship with his nieces and nephew do not present particularly extraordinary circumstances as to demonstrate an abuse of discretion by the district court, even when his family circumstances are considered alongside the other mitigating factors offered by Mr. Dodd.

Finally, Mr. Dodd, relying on 18 U.S.C. § 3553(a)(6), argues his 30-month sentence is disproportionate to the deferred sentence he was under before dismissal of

the state case. This argument fails for three reasons. First, § 3553(a)(6) requires

district courts to consider nationwide disparities in sentences among federal

defendants with similar records and Guidelines ranges. *United States v. Martinez*,

610 F.3d 1216, 1228 (10th Cir. 2010) ; *see also United States v. Ivory*, 532 F.3d

1095, 1107 (10th Cir. 2008) (Section "3553(a)(6) . . . looks to uniformity on a

national scale."). The provision does not require a district court to consider

disparities in sentences between state and federal court.[1] Second, § 3553(a)(6) guards

against "*unwarranted* sentencing disparities," not just any sentencing disparity.

18 U.S.C. § 3553(a)(6) (emphasis added). But the fact that Mr. Dodd was on a

deferred sentence in state court tells us only that there was a disparity between the

two sentences; it does not tell us that the disparity was unwarranted or that the

federal sentence, as opposed to the state sentence, is unreasonable.[2] Furthermore, as

pointed out by the Government at sentencing, the state case, by virtue of the deferred

sentence, had not been adjudicated to a conviction. And where the state prosecutor

was faced with an uncooperative witness in a domestic violence case, it is not

entirely surprising that the prosecutor opted to offer a deferred sentence to at least

---

[1] Although § 3553(a)(6) did not require the district court to consider Mr. Dodd's state sentence, the record reflects the district court did question the Government about the lenient sentence Mr. Dodd received in state court relative to the 30- to 37-month range recommended by the Guidelines.

[2] In this respect, where state systems may be more lenient at times, not every defendant who seeks dismissal of a state charge or conviction following *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), will find his cause advanced and his position improved.

assure Mr. Dodd would be monitored through probation. Meanwhile, in the federal case, Mr. Dodd's guilt was already resolved by way of his guilty plea. Third, given the primary focus of § 3553(a)(6) and the differences between the state charge and the federal conviction, even when the deferred sentence is considered in combination with Mr. Dodd's other arguments, we cannot say the district court abused its discretion by selecting a 30-month, within-Guidelines sentence. Put another way, considering all of Mr. Dodd's arguments in combination and weighing them against the aggravating factors, Mr. Dodd has not sustained his burden on appeal of overcoming the presumption of reasonableness attributable to a within-Guidelines sentence.

## III.    CONCLUSION

We AFFIRM the 30-month sentence imposed by the district court.

Entered for the Court

Carolyn B. McHugh
Circuit Judge