FILED
**United States Court of Appeals**
**Tenth Circuit**

**August 9, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERTO GABRIEL MONTOYA,

    Defendant - Appellant.

No. 22-6004
(D.C. No. 5:19-CR-00134-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Roberto Gabriel Montoya, proceeding pro se, appeals from the district court's

denial of his motion under 18 U.S.C. § 3582(c)(1)(A) for compassionate release.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

After his indictment in the United States District Court for the Western District

of Oklahoma on one count of possession with intent to distribute at least 500 grams

of methamphetamine and one count of conspiracy to commit that offense, Mr.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Montoya reached an agreement with the government under Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) to plead guilty to an information charging him with conspiracy to possess with intent to distribute methamphetamine. In November 2019 the district court accepted the plea agreement and imposed a 144-month sentence, which was below the guideline sentencing range of 168 to 210 months.

In October 2021 Mr. Montoya filed a motion for compassionate release. He asserted that there were extraordinary and compelling reasons for his release, citing his serious medical conditions, age (born in 1952), and the COVID-19 pandemic. He said that he was at a higher risk of severe illness from COVID-19 because of his "high blood pressure, diabetes, asthma, and chronic heart disease and obesity," as well as the conditions at his prison facility. R., Vol. I at 62 (capitalizations omitted). The district court denied Mr. Montoya's motion in a written order.

We review for abuse of discretion a district court's denial of a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact," *id.* (internal quotation marks omitted), or otherwise "makes a clear error of judgment, exceeds the bounds of permissible choice, or when its decision is arbitrary, capricious or whimsical, or results in a manifestly unreasonable judgment," *United States v. Mobley*, 971 F.3d 1187, 1195 (10th Cir. 2020) (internal quotation marks omitted).

2

Under 18 U.S.C. § 3582(c)(1)(A), a defendant's motion for compassionate release may be granted only if the district court determines (1) that "extraordinary and compelling reasons warrant a sentence reduction"; (2) that the "reduction is consistent with applicable policy statements issued by the Sentencing Commission" (though there is no applicable policy statement at this time); and (3) that on consideration of the relevant sentencing factors under § 3553(a), a reduction is warranted. *United States v. Hald*, 8 F.4th 932, 938 (10th Cir. 2021) (internal quotation marks omitted), *cert. denied*, 142 S. Ct. 2742 (2022); *see id.* at 938 n.4. A district court may properly deny a compassionate-release motion when any one of these three requirements is lacking and need not resolve the other two. *See id.* at 936–37.

The district court acknowledged Mr. Montoya's health conditions but denied his compassionate-release motion based on its assessment of the relevant § 3553(a) factors. The court reasoned as follows:

> Although, as the Government notes, Defendant is at a low risk for recidivism, he has served only one-fourth of his imposed sentence, which was below the guideline range. Defendant was held responsible for 3702 grams of methamphetamine, which he was moving from Arizona to Oklahoma. Although the § 3553 factors speak to the individual characteristics of a defendant, they also speak to the nature of the criminal offense and the need to deter others from engaging in that activity. The Court was aware at sentencing of Defendant's poor health status from information contained in the presentence investigation report and from comments made by his counsel at sentencing. His conditions appear[] well managed in custody. Furthermore, as noted by the Government, COVID 19 was not an issue the Court considered at sentencing, its existence having yet to be discovered. Defendant has thus far received two vaccinations for COVID 19. He was apparently

infected with the virus in 2020 without incident and he successfully recovered even prior to receiving the vaccines.

R., Vol. I at 107 (footnote omitted).

Mr. Montoya argues that we should weigh the § 3553(a) factors differently, "due to the COVID-19 pandemic, . . . the history and characteristic[s] of the petitioner and the need for real medical care the [Bureau of Prisons] cannot provide in light of COVID-19."[1] Aplt. Br. at 1. But "reweighing the [§ 3553(a)] factors is beyond the ambit of our review." *United States v. Lawless*, 979 F.3d 849, 856 (10th Cir. 2020) (addressing substantive reasonableness of sentence). He also asserts that the district court ascribed too much significance to the fact that he has served only one-fourth of his sentence, citing several cases where compassionate release has been granted "to defendants who have not spent over 20–25% of their sentences." Aplt. Br. at 3. But those decisions are readily distinguishable. They were rendered when vaccines were not available, except for one case where the defendant was in an "immunocompromised state as a result of his cancer, chemotherapy and radiation treatment regimen," and the district court found that he "require[d] treatment, care, and follow-up that is not readily available and easily accessible while incarcerated

---

[1] Mr. Montoya also claims that the "execution of [his] sentence is . . . in violation of the Fifth and Eighth Amendment[s]." Aplt. Br. at 4. Such a violation, however, would not be an independent ground for granting compassionate release under § 3582(c)(1)(A). To be sure, facts that would establish a violation may well be relevant to the decision whether to grant release under the statute, but our standard of review of that decision would remain abuse of discretion.

within the Bureau of Prisons." *United States v. Zupnik*, No. CR. 16-50110-JLV, 2021 WL 1788459 at *3 (D.S.D. May 5, 2021) (unpublished).

Finally, Mr. Montoya's opening brief states that he was reinfected with COVID-19, and he has filed a motion to supplement the record with evidence regarding his medical condition. But this information was not before the district court and cannot change our conclusion whether the court abused its discretion in denying the compassionate-release motion before us. *See United States v. Cumins*, 833 F. App'x 765, 766 (10th Cir. 2021) ("[T]he district court couldn't abuse its discretion by failing to consider documents that had not been presented to it.").

We **AFFIRM** the district court's denial of Mr. Montoya's motion for compassionate release. We **DENY** his motion to supplement and **GRANT** his motion to proceed in forma pauperis.

Entered for the Court


Harris L Hartz
Circuit Judge