**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 7, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EDWARD TERRELL GLAZE,

    Defendant - Appellant.

No. 25-6133
(D.C. No. 5:22-CR-00425-J-1)
(W.D. Okla.)

———————————————

**ORDER AND JUDGMENT\***
———————————————

Before **TYMKOVICH**, **PHILLIPS**, and **FEDERICO**, Circuit Judges.
———————————————

Edward Terrell Glaze appeals the district court's imposition of a 10-month term of imprisonment following the revocation of his term of supervised release. On appeal, Glaze argues that the district court's

---

    \* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Federal Rules of Appellate Procedure 34(f); Tenth Circuit Rule 34.1(G). The case is therefore submitted without oral argument.

    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

sentence was procedurally and substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

**I**

In 2023, the district court sentenced Glaze to 37 months of imprisonment and three years of supervised release after he pleaded guilty to one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). His term of supervision began on March 1, 2025.

On April 23, 2025, Glaze's probation officer filed a revocation petition with the district court, alleging, among other things, that Glaze tested positive for marijuana use on three separate occasions in violation of a condition of supervision. On May 19, 2025, the probation officer filed an amended petition, further alleging that Glaze had failed to submit urine samples and failed to attend his substance abuse treatment group. On May 23, 2025, the probation officer filed a violation report, noting Glaze's highest grade of violation was C and his criminal history category was VI. The violation report calculated the advisory guideline range to be between 8- and 14-months of imprisonment and noted that revocation was mandatory under 18 U.S.C. § 3583(g)(4) because Glaze had tested positive for illegal controlled substances more than three times over a one-year period. In that report, probation recommended an 8-month sentence.

2

On May 27, 2025, Glaze appeared before the district court for his revocation hearing. Glaze stipulated to the violations in the amended petition. After hearing from Glaze, his counsel, and the Government, the district court continued the revocation hearing for 62 days to provide Glaze with an opportunity to conform his conduct to the conditions of his supervision. The district court noted that it would determine the appropriate punishment for his violations after evaluating his compliance during the 62-day period.

A few days prior to the date set for the continued revocation hearing, the probation officer filed a second amended petition, further alleging that Glaze had tested positive for marijuana use three additional times following his initial revocation hearing and had admitted to using marijuana multiple times per week. On July 29, 2025, an amended violation report was filed, providing the same guideline range and again noting that revocation was mandatory. But it changed probation's recommended sentence from 8 months to 10 months. On July 31, 2025, Glaze failed to appear at the revocation hearing and the district court issued a bench warrant for his arrest. Glaze was arrested and detained until his final revocation hearing on August 5, 2025.

At the final revocation hearing, Glaze stipulated to the additional violations in the second amended petition. Glaze requested that he be

permitted to continue on supervision or at least to be imprisoned only on the weekends. For mitigating circumstances, he explained that a term of imprisonment could cause him to lose his employment, that his family relied on him for support, and that he had been using marijuana for medical reasons. The district court engaged with Glaze's arguments but emphasized the need to "enforce the law . . . in a way that is consistent" and to fashion a sentence that would "help [] Glaze have some course correction" considering the circumstances of Glaze's multiple and continued violations of the conditions of his supervision. R. III at 44–45, 60.

After entertaining arguments from Glaze, his counsel, and the Government, the district court calculated that Glaze's guideline range was 8- to 14-months, expressly "considered the factors in 18 U.S.C. Section 3553 and the policy statements in Chapter 7 of the sentencing guidelines," and sentenced Glaze to a within-guideline sentence of 10 months' imprisonment to be followed by a term of 24 months of supervised release. R. III at 56. When asked by the district court if there was any reason why the sentence imposed was improper, Glaze's counsel answered, "It is not improper." *Id.* at 57. This appeal timely followed.

## II

Glaze argues on appeal that his sentence was procedurally unreasonable because the district court "did not discuss how the different

4

Section 3553(a) factors weighed in its analysis." Op. Br. at 19. He also argues that his sentence was substantively unreasonable because the district court "failed to weigh the § 3553(a) factors" and failed to consider if "the availability of appropriate substance abuse programs warranted an exception" to mandatory revocation under the policy statements in Chapter 7 of the sentencing guidelines. *Id.* at 16. Glaze asks us to vacate his sentence and remand for resentencing so the district court can "justify [its] sentence." *Id.* at 19–20.

We review Glaze's challenge to the procedural reasonableness of his sentence for plain error because he did not contemporaneously object to the district court's explanation of its sentence. *See United States v. Rocha*, 145 F.4th 1247, 1261 (10th Cir. 2025); *United States v. Nunez-Carranza*, 83 F.4th 1213, 1218 (10th Cir. 2023). Thus, Glaze must show "1) error 2) that was plain, and 3) that affected his substantial rights." *Nunez-Carranza*, 83 F.4th at 1218. If he does so, we have discretion to grant relief where 4) "the error had a serious effect on 'the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Leib*, 57 F.4th 1122, 1128 (10th Cir. 2023)). We review Glaze's challenge to the substantive reasonableness of his sentence for abuse of discretion. *See United States v. Cookson*, 922 F.3d 1079, 1090 (10th Cir. 2019). A sentence is presumptively reasonable if "the district court properly considers the relevant Guidelines

5

range and sentences the defendant within that range." *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006).

Here, Glaze has not shown that the district court committed procedural or substantive error. Procedurally, the district court "entertained" Glaze's arguments for continued supervision, expressly considered the Section 3553(a) factors and the policy statements in Chapter 7 of the sentencing guidelines, and decided that a within-guideline sentence was appropriate in light of the information before it. *Nunez-Carranza*, 83 F.4th at 1222. The district court's discussion with the parties considered "facts and circumstances" relevant to the 3553(a) factors, including promotion of respect for the law and deterrence. *Id.* at 1223. It therefore "met its obligation of adequately explaining why it imposed" the sentence that it did. *Id.* at 1223.

For the same reasons, Glaze has not overcome the presumption that his within-guideline sentence was substantively reasonable. The district court was entitled to weigh all the § 3553(a) factors as it saw fit given the circumstances of Glaze's violations. *United States v. Doty*, 150 F.4th 1351, 1356 (10th Cir. 2025). We will not "reweigh the district court's balancing of the § 3553(a) factors" where, as here, it "reached a logical conclusion" and "detailed its reasoning." *United States v. Lawless*, 979 F.3d 849, 856 (10th Cir. 2020.)

6

AFFIRMED.

Entered for the Court


Richard E.N. Federico
Circuit Judge
