**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 13, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PHILLIP DEWAYNE WOFFORD,

Defendant - Appellant.

No. 25-6098
(D.C. No. 5:24-CR-00515-SLP-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **BACHARACH**, **McHUGH**, and **ROSSMAN**, Circuit Judges.
_____

Mr. Phillip Dewayne Wofford was convicted and sentenced to ten years after pleading guilty to possession of a firearm after a felony conviction. 18 U.S.C. § 922(g)(1). Mr. Wofford appeals, but his attorney seeks leave to withdraw on the ground that any appellate argument would be frivolous. We agree.

---

* Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

1. **Standard for Withdrawal and Dismissal**

Attorneys may seek leave to withdraw after conscientiously examining an appeal and determining that any grounds would be frivolous. *Anders v. California*, 386 U.S. 738, 744 (1967). To obtain leave to withdraw, an attorney

> must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citations omitted).

Defense counsel moved to withdraw, stating that any appellate challenges would be frivolous; and Mr. Wofford declined to file a pro se brief. So we conduct de novo review of the record to determine whether any appellate challenge would be frivolous. *United States v. Kurtz*, 819 F.3d 1230, 1233 (10th Cir. 2016).

2. **Conviction and Sentence**

Mr. Wofford pleaded guilty, and the record provides no reason to question the validity of the plea.

For the sentence, an appellate challenge could be procedural or substantive. *United States v. Crosby*, 119 F.4th 1239, 1248 (10th Cir. 2024). But the record does not support either kind of challenge.

A procedural challenge could involve the adequacy of the district court's explanation or the validity of some of the sentence enhancements. *United States v. Lawless*, 979 F.3d 849, 853 (10th Cir. 2020). For example, the district court imposed a two-level enhancement for possessing a pistol. United States Sent'g Guidelines Manual § 2K2.1(b)(1) (U.S. Sent'g Comm'n 2024). Mr. Wofford objected to the enhancement, denying ownership of the pistol. But the enhancement was triggered by possession, not ownership. *United States v. Johnson*, 46 F.4th 1183, 1190 (10th Cir. 2022). And Mr. Wofford pleaded guilty to possessing the pistol. So an appellate challenge to this enhancement would be groundless.

The district court also imposed a four-level enhancement under guideline § 2K2.1(b)(6)(B). This enhancement could be based on possession of a firearm in connection with another felony. In district court, the probation officer relied in part on Mr. Wofford's possession of marijuana. He denies that the marijuana was his. But even if he's right, the probation officer also relied on Mr. Wofford's use of a firearm to commit an assault. And Mr. Wofford doesn't challenge this basis for the enhancement. So the imposition of the four-level enhancement isn't arguable on the merits.

3

Nor is there any basis to question the district court's explanation for the sentence. The court pointed out that Mr. Wofford had

- shot someone and that shooting didn't factor into the guideline calculation,

- had lied to officers about the number of guns in his house,

- had a substantial and violent criminal history and failed probation, and

- had been the subject of multiple protective orders.

Finally, Mr. Wofford lacks a reasonable basis to question the substance of the sentence. The court varied upward in imposing a ten-year sentence, but the explanation provided ample justification for the variance under the § 18 U.S.C. § 3553(a) factors.[1]

* * *

Because any appellate challenge would be frivolous, we grant counsel's motion to withdraw (Dkt. No. 23) and dismiss the appeal.

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[1] Sentences within the guideline range are presumptively reasonable. *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1215 (10th Cir. 2008). Mr. Wofford's sentence fell outside that range, but the district court's explanation was sufficient to render an appellate challenge frivolous.

4