**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 7, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

JOSHUA PRICE, JR.,

　　Defendant - Appellant.

No. 23-7054
(D.C. No. 6:98-CR-00010-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Joshua Price appeals the district court's amended judgment modifying his

sentence under 18 U.S.C. § 3582(c)(1)(B) and § 404(b) of the First Step Act of 2018,

Pub. L. No. 115-391, 132 Stat. 5194, 5222. Defense counsel filed an *Anders* brief and

moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967)

(stating that if after "conscientious examination" of record, counsel finds appeal

"wholly frivolous," then counsel may move to withdraw and contemporaneously file

---

[*] After examining the *Anders* brief, pro se brief, and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

"brief referring to anything in the record that might arguably support the appeal").

Price filed a pro se response, and the government declined to file a brief. After

reviewing the *Anders* brief and Price's pro se response and conducting a full

examination of the record, we conclude that the appeal is wholly frivolous. *See*

*United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2006). We therefore dismiss

the appeal and grant defense counsel's motion to withdraw. *See Anders*, 386 U.S.

at 744.

As relevant here, Price filed a motion in 2019 asking the district court to

reduce his multiple life sentences for seven drug counts under the First Step Act.[1]

The district court denied the motion, and Price appealed. We then reversed and

remanded, noting that Price was "eligible for a sentence reduction under the First

Step Act[,] and . . . the district court may actually reduce his sentence." *United States*

*v. Price* (*Price III*), 44 F.4th 1288, 1297 (10th Cir. 2022). On remand, the district

court lowered each of the drug sentences to the statutory maximum of 20 years. *See*

21 U.S.C. § 841(b)(1)(C). But the district court rejected Price's request to run these

---

[1] Previously, in Price's direct appeal, we held that although Price's life
sentences for the drug counts were invalid under *Apprendi v. New Jersey*, 530 U.S.
466 (2000), that plain error did not affect Price's substantial rights because the
district court would have been required, under a guideline that was mandatory at the
time, to run the seven 20-year terms consecutively (along with sentences for several
other counts) effectively resulting in a life sentence of 208 years. *United States v.*
*Price* (*Price I*), 265 F.3d 1097, 1107–08 (10th Cir. 2001), *abrogated in part by*
*United States v. Booker*, 543 U.S. 220 (2005). And in a later appeal, we held that
Price did not qualify for a sentence reduction based on a lowered sentencing range
for offenses involving particular amounts of cocaine base because his range was
calculated based on a murder cross-reference, not drug quantity. *United States v.*
*Price* (*Price II*), 486 F. App'x 727, 732 (10th Cir. 2012).

2

sentences concurrently and instead imposed them consecutively, resulting in a 140-year sentence.[2] In so doing, the district court assessed Price's arguments and determined that the sentencing factors in 18 U.S.C. § 3553(a) supported a sentence of this length.

Defense counsel now asserts on appeal that there is no nonfrivolous basis on which to challenge the district court's ruling. When adjudicating sentence-reduction motions under the First Step Act, district courts "may consider . . . intervening changes of law . . . or changes of fact." *Concepcion v. United States*, 597 U.S. 481, 486 (2022). And they "bear the standard obligation to explain their decisions and demonstrate that they considered the parties' arguments." *Id.* at 500–01. But district courts need not "'expressly rebut each argument' made by the parties." *Id.* at 501 (quoting *United States v. Maxwell*, 991 F.3d 685, 694 (6th Cir. 2021)). And our review of a district court's decision on a motion for sentence reduction is deferential. *See id.* "Other than legal errors in recalculating" a defendant's advisory sentencing range under the United States Sentencing Guidelines (U.S.S.G. or the Guidelines), "appellate review should not be overly searching." *Id.*

Here, we agree with defense counsel that there is no nonfrivolous argument that the district court erred in calculating Price's Guidelines sentencing range or acted outside its discretion by electing to sentence Price to the statutory maximum of 20 years on each drug count and running those sentences consecutively. The district

---

[2] The district court did run Price's sentences on his other convictions concurrently to one another and to the 140-year sentence.

court correctly calculated Price's Guidelines range as life in prison, based on a total offense level of 43 (assessed via a cross-reference to the guideline for murder) and a criminal-history category of II. It also correctly determined that § 841(b)(1)(C)'s 20-year statutory maximum applied to Price's seven drug convictions. *See Price I*, 265 F.3d at 1108 (stating that Price "should have been sentenced under § 841(b)(1)(C), which provides for a maximum sentence of [20] years for each of [the] seven narcotics convictions"); *Price III*, 44 F.4th at 1293 (noting that Price must "be sentenced under § 841(b)(1)(C) with a maximum sentence of [20] years because his superseding indictment contained no drug quantity"). And the district court's decision to run those sentences consecutively was in keeping with U.S.S.G. § 5G1.2(c), which advises district courts to impose consecutive sentences "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment." Here, the total punishment—meaning Price's advisory sentencing range under the Guidelines—was life in prison, so the district court did not abuse its discretion in following the advisory guideline and running the 20-year terms consecutively instead of concurrently.

Price argues, in his pro se response, that the district court abused its discretion by relying on out-of-date criminal history and disciplinary infractions and by failing to credit him for being free of such infractions for "nearly a decade" and for being at low risk of recidivism. Price Br. 2. But these arguments do not establish an abuse of discretion. The district court noted and weighed the facts that Price highlights; it simply concluded, in its discretion, that other § 3553(a) sentencing factors justified a

4

life sentence. And "it is not the job of an appellate court to review de novo the balance struck by a district court among the [sentencing] factors." *United States v. Sells*, 541 F.3d 1227, 1239 (10th Cir. 2008); *see also United States v. Lawless*, 979 F.3d 849, 856 (10th Cir. 2020) (noting that reweighing district court's assessment of sentencing factors "is beyond the ambit of our review").

We also agree with defense counsel that the district court adequately explained its reasons for imposing consecutive sentences by discussing the parties' various arguments and describing the bases for its findings. For example, the district court considered Price's contention that his rehabilitative progress justified a below-Guidelines variance to his sentence. But the district court referred to Price's various prison infractions as evidence to the contrary. So we see no nonfrivolous argument that the district court failed to sufficiently explain its decision.

In sum, we "do not disturb decisions entrusted . . . to the discretion of a district court unless we have 'a definite and firm conviction that the [district] court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'" *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1201 (10th Cir. 2007) (quoting *United States v. Weidner*, 437 F.3d 1023, 1042 (10th Cir. 2006)).

There is no argument on the record here that would create such a conviction, so we dismiss the appeal and grant defense counsel's motion to withdraw.

Entered for the Court


Nancy L. Moritz
Circuit Judge