**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 19, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JEFFREY SCOTT TAYLOR,

    Defendant - Appellant.

Nos. 22-1392 & 22-1442
(D.C. No. 1:22-CR-00162-RM-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BALDOCK**, and **EID**, Circuit Judges.
_____

The district court sentenced Jeffrey Scott Taylor to 108 months of

incarceration for unlawfully possessing a firearm. *See* 18 U.S.C. § 922(g)(1). A

different district court judge sentenced him to an additional 24 months for violating

the terms of his supervised release, to be served consecutively. Mr. Taylor has

appealed from both judgments, but he challenges only the 108-month sentence,

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument, and Mr. Taylor's motion to schedule oral argument is
denied. This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

arguing it is procedurally unreasonable.  Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

## I.  BACKGROUND

Mr. Taylor has a long history of firearm offenses.  In 2003, he pled guilty to possession of a firearm by a prohibited person in violation of § 922(g)(1).  He was sentenced to 120 months, to be followed by three years of supervised release.  When Mr. Taylor completed the prison sentence on August 30, 2012, he began his supervised release.

In 2013, while on supervised release, Mr. Taylor committed and pled guilty to a new § 922(g)(1) offense.[1]  In addition, when the Probation Office sought revocation of his supervised release, he admitted to violating his supervised release conditions.  A presentence investigation report ("PSR") calculated his Guidelines range as 77 to 96 months on the § 922(g)(1) offense, and recommended 96 months.  District Judge Kane sentenced him to 80 months.  Judge Kane then revoked his supervised release and sentenced him to an additional 12 months, to be served consecutively, for a total sentence of 92 months.  The judge made the revocation sentence consecutive because Mr. Taylor's firearm offense and other breaches of his supervised release terms constituted a "breach of trust with the probation service."  ROA No. 22-1442, Vol. 3 at 35.

---

[1] He also pled guilty to being a felon in possession of ammunition.

2

In 2020, Mr. Taylor completed his 2013 prison sentence. In 2022, while on supervised release, he committed and pled guilty to yet another § 922(g)(1) offense. He also again admitted to violating his supervised release. Judge Moore presided over the new § 922(g)(1) case. The revocation proceedings remained with Judge Kane.

Judge Moore sentenced Mr. Taylor first. The PSR calculated his Guidelines range for the new § 922(g)(1) conviction at 37 to 46 months.[2] But in view of Mr. Taylor's significant criminal history, the Probation Office recommended an upward variance to 120 months, the statutory maximum. The Government concurred. Mr. Taylor argued for 41 months.

At the sentencing hearing, the prosecutor mentioned the additional sentence Mr. Taylor might receive from Judge Kane at the revocation hearing. Judge Moore responded that any additional revocation sentence was not his concern and that it would surprise him if Judge Kane gave Mr. Taylor less than the 12-month sentence he had imposed for the 2013 revocation. The judge said, "I'm going to do what I'm going to do, and then Judge Kane can do [what] . . . he wants to do, given what I've done." ROA No. 22-1392, Vol. 3 at 31.

After hearing argument from defense counsel, Judge Moore remarked that Mr. Taylor had been sentenced in 2013 to "92 [months] total, 80 plus 12," and had

---

[2] The advisory Guideline range for the 2022 offense was lower than for the 2013 offense because the PSR calculated both the criminal offense and history levels to be lower than those calculated for the 2013 offense.

completed that sentence, but then "arm[ed] himself" while on supervised release. *Id.* at 40-41. Conceding it would be difficult to justify a within-Guidelines sentence, Mr. Taylor's counsel argued for a sentence within 70 to 87 months. Judge Moore responded, "[e]xcept that it's less than the 92 [months]. Why?" *Id.* at 47. Counsel said the court's 92-month figure from 2013 included the revocation sentence from 2013 and that if the court considered the 12-month revocation sentence in addition to the 80-month § 922(g)(1) sentence, the court should "include it on both ends." *Id.* That is, if the court used 92 months as a benchmark for the new sentence on the § 922(g)(1) count, it should also account for the anticipated sentence Judge Kane was expected to impose in the revocation proceedings.

Judge Moore disagreed, stating Mr. Taylor was "not looking at it in these little individual pots," but instead at how much total time he has to serve "for having a gun on supervised release," which in the 2013 case was "92 months." *Id.* at 48. The judge asked, "Why should I give him less than that?" *Id.* Counsel repeated that it was reasonable to expect that Judge Kane would impose at least 12 months and the court should take that anticipated sentence into account. Judge Moore responded that he was not concerned with what Judge Kane might do, that Mr. Taylor was "a man for whom 92 months of imprisonment does nothing," and that he saw no reason to impose fewer than 92 months for the § 922(g)(1) offense. *Id.*

After allocution from Mr. Taylor, Judge Moore stated he had considered the sentencing factors in 18 U.S.C. § 3553(a). He noted Mr. Taylor's 30-year history of firearms offenses and stated that his record "warrants an at or near statutory

4

maximum" sentence.  ROA No. 22-1392, Vol. 3 at 58.  He then imposed a sentence of 108 months, explaining the variance was based on "protection of the public," "respect for the law," "deterrence," "the nature and circumstances of the offense," and "the relevant conduct in this case."  *Id.* at 62.

Five weeks later, Mr. Taylor appeared before Judge Kane for sentencing on the supervised release revocation.  He did not contest the probation officer's recommendation of 24 months, which is the statutory maximum, but he argued this revocation sentence should be concurrent with his 108-month sentence.  Judge Kane considered the § 3553(a) factors, including the nature and circumstances of the offense, the need to protect the public, and Mr. Taylor's background and characteristics, and imposed a 24-month term, to be served consecutively to the 108-month sentence.

Mr. Taylor appeals the 108-month sentence.[3]

## II.  **DISCUSSION**

A defendant may challenge a sentence on procedural and substantive unreasonableness grounds.  *See Gall v. United States*, 552 U.S. 38, 49 (2007).  "The procedural component concerns how the district court calculated and explained the sentence, whereas the substantive component concerns whether the length of the sentence is reasonable in light of the statutory factors under 18 U.S.C. § 3553(a)."  *United States v.*

---

[3] In his opening brief, Mr. Taylor disclaims any separate challenge to the revocation sentence.  *See* Aplt. Opening Br. at 2.

5

*Adams*, 751 F.3d 1175, 1181 (10th Cir. 2014). Mr. Taylor challenges only the procedural reasonableness of his 108-month sentence for his violation of § 922(g)(1).[4]

"[W]e review the procedural reasonableness of [a] sentence for abuse-of-discretion, reviewing de novo the district court's legal conclusions regarding the guidelines and its factual findings for clear error." *United States v. Lawless*, 979 F.3d 849, 853 (10th Cir. 2020); *see Gall*, 552 U.S. at 51. "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008) (quotations omitted).

Mr. Taylor's procedural challenge stems from the way Judge Moore considered his 2013 sentence. Judge Moore concluded that imposing a sentence greater than the total prison time imposed in the 2013 case was appropriate because the 2013 sentence had not deterred Mr. Taylor. Mr. Taylor contends Judge Moore improperly relied on a 92-month "arbitrary sentencing baseline" because the aggregate 2013 sentence included a 12-month revocation sentence. Aplt. Opening Br. at 14.

---

[4] The Government contends that Mr. Taylor presents a substantive and not a procedural challenge to his sentence. Mr. Taylor disavows any substantive reasonableness argument, so even if the Government's characterization is correct, Mr. Taylor has waived a substantive challenge. We assume without deciding that Mr. Taylor has made a procedural reasonableness argument and address it accordingly.

1.  **No Waiver of Procedural Reasonableness Challenge**

As a preliminary matter, we reject the Government's argument that Mr. Taylor waived appellate review of his argument by failing to present it in district court and failing to argue for plain error review here.

A defendant "must object [in district court] to any procedural flaws or receive, on appeal, only plain error review." *United States v. Jackson*, 82 F.4th at 943, 949 (10th Cir. 2023).  The record shows Mr. Taylor sufficiently objected in district court to preserve this issue.

Although Mr. Taylor did not argue in district court for the 96-month sentence he now contends would be reasonable, he did argue the sentencing court should either have used the 80-month sentence he received for his 2013 § 922(g)(1) conviction as a baseline or granted him credit for the prison time Judge Kane was expected to impose on the 2022 revocation.[5]  We therefore review this preserved issue for an abuse of discretion.

---

[5] *See* ROA No. 22-1392, Vol. 3 at 33 (arguing Mr. Taylor's prior sentence was for 80 months, not 92, and "we can all safely assume Judge Kane is going to impose some prison time in this case"); *id.* at 48 ("What I'm saying is if you're going to consider [the cumulative term of incarceration] for the goose, you should also consider it for the gander.  The goose being the 2013 case, and the gander being now.  We know he's going to get more prison [time] from Judge Kane, and I'm not asking this Court to predict what that would be [but] I think it would be reasonable to predict it's going to be at least 12 months . . . if the Court feels like it needs to give him more time in order to accomplish the trick . . . then consider that he's almost inevitably getting at least another year on top of whatever the Court is giving.").

2. **No Abuse of Discretion.**

"A sentence cannot . . . be considered reasonable if the manner in which it was determined was unreasonable." *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007) (quotations omitted). Mr. Taylor contends Judge Moore's method of determining his sentence was unreasonable.

Mr. Taylor first asserts that because Judge Moore sentenced him only for a § 922(g) conviction, the judge should have considered only the 2013 § 922(g) sentence of 80 months as a baseline. But he cites no authority limiting the judge's discretion in this way. Judge Moore was concerned that the aggregate 92-month sentence imposed in 2013 had proved ineffectual. He concluded that a greater sentence was required to accomplish the court's sentencing goals, including protecting the public and deterrence—a point Mr. Taylor's counsel conceded was "a reasonable position to take." ROA No. 22-1392, Vol. 3 at 49.

Although 12 months of the 2013 92-month sentence had been imposed for a supervised release violation rather than a § 922(g) conviction, the two parts were related. The "principal" violation that led to the revocation of Mr. Taylor's supervised release was the same unlawful possession of a firearm underlying the § 922(g) violation. ROA No. 22-1442, Vol. 3 at 33. Judge Kane's statement in 2013 that he was making the revocation sentence consecutive because of a "breach of trust," *id.* at 35, does not change this fact.[6] Thus, in assessing whether his

---

[6] Mr. Taylor argues that the Guidelines' policy statements treat sentences for criminal conduct and violation of supervised release separately based on distinct factors,

incarceration for a firearms offense had deterred Mr. Taylor from committing new firearms offenses, Judge Moore reasonably considered the aggregate prison term resulting from the prior firearms offense to conclude that "the 92 months . . . rolled off his back like water off a duck," ROA No. 22-1392, Vol. 3 at 49. Mr. Taylor has not shown an abuse of discretion.

Alternatively, Mr. Taylor argues that having used the aggregate 2013 sentence as a benchmark, the district court should also have considered the effect of the anticipated revocation sentence from Judge Kane on Mr. Taylor's new aggregate sentence. He does not contend that Judge Moore had to reduce his sentence by exactly 12 months or to speculate about the exact revocation sentence he would receive. Instead, he argues that Judge Moore erred by disregarding the future revocation sentence entirely. *See* Reply Br. at 17.

The record shows that Judge Moore knew Judge Kane would impose an additional sentence for the supervised release violation but chose not to consider that fact in determining the length of Mr. Taylor's § 922(g) sentence. Mr. Taylor has failed to convince us that choice was "arbitrary, capricious, whimsical, or manifestly unreasonable." *Huckins*, 529 F.3d at 1317.

---

with the primary goal of the supervised-release sentence being to sanction the defendant's breach of trust. *See* Aplt. Opening Br. at 16. But it does not follow that in fashioning a reasonable sentence, a court sentencing a defendant for a later offense may not consider whether an aggregate prior sentence had any deterrent effect on the defendant's conduct.

In response to Mr. Taylor's argument that he should have considered Judge Kane's prospective revocation sentence, Judge Moore noted his "obligation . . . to apply [the 18 U.S.C. §] 3553 factors" in sentencing Mr. Taylor. ROA No. 22-1392, Vol. 3 at 49. Section 3553 requires a court to "consider . . . the need *for the sentence imposed*" to meet the statutory purposes, including affording adequate deterrence and protecting the public from the defendant's further crimes. 18 U.S.C. § 3553(a)(2) (emphasis added). Judge Moore considered these objectives by focusing on the § 922(g)(1) conviction and such factors as Mr. Taylor's criminal history, without factoring in a sentence he might receive later for violating supervised release.

Judge Moore could have considered the sentence Judge Kane might impose on the revocation count. *See Dean v. United States*, 581 U.S. 62, 67 (2017) (recognizing that § 3553 "permit[s] a court imposing a sentence on one count of conviction to consider sentences [to be] imposed on other counts"). But Mr. Taylor has cited no authority suggesting that Judge Moore was *required* to consider the potential revocation sentence, nor has he shown it was an abuse of discretion not to do so.

In sum, Mr. Taylor's arguments fails to establish "that the [district] court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *United States v. Hald*, 8 F.4th 932, 949 (10th Cir. 2021) (quotations omitted). We therefore reject his procedural reasonableness challenge.

## III.  **CONCLUSION**

We affirm the challenged judgment and sentence.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge