UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

FILED
United States Court of Appeals
Tenth Circuit

**February 9, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

v.

JASON NATHANIEL DAUGHERTY,

   Defendant - Appellant.

No. 25-5033
(D.C. No. 4:24-CR-00052-SEH-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **CARSON**, **BALDOCK**, and **KELLY**, Circuit Judges.
_____

Jason Nathaniel Daugherty appeals his 54-month sentence for involuntary manslaughter in Indian Country.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  BACKGROUND

In 2023, Daugherty was driving a car that partially crossed the center line and collided with an oncoming vehicle.  He then completely crossed the center line and

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

collided head on with another vehicle. The driver of the second car died from her injuries three days later. Responding officers observed several open beer containers in Daugherty's car, and a blood test revealed he had a blood-alcohol content of 0.081%. Further investigation uncovered that Daugherty's driving privileges had been revoked and he was driving without a license.

A grand jury charged Daugherty with one count of involuntary manslaughter in Indian Country, in violation of 18 U.S.C. §§ 1151, 1153, and 1112(a). Daugherty pleaded guilty to that count. The presentence investigation report ("PSR") calculated a total offense level of 19 and a criminal history category of III, resulting in a sentencing range of 37 to 46 months in prison. In his sentencing memorandum, Daugherty did not object to those calculations, but he argued that the facts of the case fell "squarely within the heartland of the guidelines" and that there was no "factual or legal basis for a sentence beyond the advisory guideline range." R. vol. I at 21. He also requested a sentence at the low end of the guidelines range because his alcohol and drug addictions were attributable to abuse and loss he experienced as a youth and because of positive steps he had made in recent years toward overcoming his self-destructive behavior. The government requested a sentence at the high end of the range based on the offense conduct, the victim's loss of life, and Daugherty's criminal history and characteristics.

Taking account of the advisory guidelines range and the sentencing factors set out in 18 U.S.C. § 3553(a), the district court found that a two-level upward variance was appropriate for multiple reasons: (1) Daugherty was "driving under the

2

influence of alcohol"; (2) he caused an accident that killed someone; (3) he "is a 29-year-old citizen of the Cherokee Nation with an extensive criminal history, including two prior federal convictions"; (4) he has "a history of substance abuse, including excessive alcohol consumption"; and (5) he "committed the instant offense while on federal supervision for a prior unrelated felony possession of a firearm conviction." R. vol. III at 38:10–17. Based on those reasons, and considering "[s]entencing disparities among defendants," the court concluded that "an upward variance will serve as an adequate deterrent to [Daugherty] as well as others, promote respect for the law, provide just punishment for the offense, and provide protection for the public." *Id.* at 38:19–22, 39:2. The court varied upward two levels to an offense level of 21, which yielded a guidelines sentencing range of 46 to 57 months. The court sentenced Daugherty to 54 months in prison.

Daugherty objected to the variance, arguing that the advisory guidelines range of 37 to 46 months fully accounted for all the offense conduct, all relevant conduct, and his criminal history, and there was no factual or legal basis for an upward variance. Daugherty reiterated that the case was a heartland case and that the upward variance violated his "procedural and substantive due process rights." *Id.* at 42:11–12. The district court overruled the objection.

Daugherty timely appealed.

## II. STANDARD OF REVIEW

On appeal, Daugherty challenges the procedural and substantive reasonableness of his sentence. "Reasonableness review is a two-step process

3

comprising a procedural and a substantive component." *United States v. Rocha*, 145 F.4th 1247, 1260 (10th Cir. 2025) (internal quotation marks omitted). "Procedural reasonableness looks at whether the district court committed any error in calculating or explaining the sentence." *United States v. Guevara-Lopez*, 147 F.4th 1174, 1183 (10th Cir. 2025) (internal quotation marks omitted). "Substantive reasonableness considers whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Id.* (internal quotation marks omitted).

"We review sentences for reasonableness under a deferential abuse-of-discretion standard, under which we review de novo the district court's legal conclusions regarding the guidelines and review its factual findings for clear error." *Rocha*, 145 F.4th at 1260 (brackets, citation, and internal quotation marks omitted). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* (internal quotation marks omitted).

## III.  DISCUSSION

### A.    Procedural reasonableness

#### 1.    The district court's explanation was adequate.

Daugherty first argues the district court did not explain how the facts it relied on in support of the variance distinguished Daugherty or his offense from an ordinary

4

case and an ordinary defendant addressed by the guidelines calculation.  Aplt. Br. at 11–12.  We see no abuse of discretion.[1]

A district court has "broad discretion to consider particular facts in fashioning a sentence under 18 U.S.C. § 3553(a), even when those facts are already accounted for in the advisory Guidelines range."  *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1222 (10th Cir. 2008).  But the court must "articulate[] specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the guidelines calculation."  *Id.* at 1222–23 (brackets and internal quotation marks omitted).  "This explanation need not be overly detailed." *Id.* at 1223 (internal quotation marks omitted).

Here, the court pointed to some facts that may have been adequately captured by the guidelines calculation.  First, Daugherty took another person's life by driving under the influence of alcohol.  *See* U.S. Sent'g Guidelines Manual § 2A1.4(a)(2)(B) & cmt. 1 (U.S. Sent'g Comm'n 2024) (providing base offense level for involuntary manslaughter involving "the reckless operation of a means of transportation," which "ordinarily" includes "[a] homicide resulting from driving a means of transportation . . . while under the influence of alcohol or drugs").  Second, he has two prior federal convictions, which his criminal history score took into account.  And third, he was on supervised release when he committed the offense.  But the district court also relied

---

[1] The government argues Daugherty did not adequately inform the district court of a need to cure its explanation, so plain-error review applies.  But under either plain-error review or the abuse-of-discretion standard, Daugherty's argument fails.  We therefore need not resolve whether he adequately preserved this argument.

on facts not captured in the guidelines calculation—his "history of substance abuse, including excessive alcohol consumption," R. vol. 3 at 38:14–15, and his extensive criminal history, which, as the PSR made clear, included criminal offenses that the guidelines calculation did not account for—one Oklahoma deferred sentence, eight separate arrests, and six juvenile adjudications.  Finally, the district court expressly tied these facts to multiple § 3553(a) factors—to provide just punishment, to deter Daugherty and others, to provide protection for the public, and to promote respect for the law.  We therefore conclude that the district court did not abuse its discretion but instead adequately explained why Daugherty's situation differed from the ordinary situation encompassed by the guidelines calculation.

> **2.  The district court adequately addressed Daugherty's argument for a more lenient sentence.**

Daugherty next argues the district court failed to specifically address arguments he made in his pleadings and his objection at the sentencing hearing that his was a "mine-run case" that "is indistinguishable from the cases the sentencing guidelines are intended to address."  Aplt. Br. at 13.  We disagree.  "[W]hen a district court has varied upwards from the Guidelines, our cases have generally required the district court to specifically address and reject the arguments the defendant made for a more lenient sentence."  *United States v. Wireman*, 849 F.3d 956, 962–63 (10th Cir. 2017).  But as just discussed, the district court provided an adequate explanation for its opinion that an upward variance was warranted.  That explanation fulfilled the court's duty to specifically address the heartland argument Daugherty had raised in

6

his sentencing memorandum. The district court was not obligated to repeat its reasons after Daugherty objected to the variance and reiterated his heartland argument at the sentencing hearing.

### 3. The district court did not commit plain error by referencing Daugherty's race and misstating his age.

Daugherty contends the district court committed procedural error by basing his sentence on an improper factor and a clearly erroneous fact. The improper factor is Daugherty's tribal membership, and the clearly erroneous fact is Daugherty's age—the district court said he was 29 when in fact he was 39 at sentencing. Daugherty argues that it is unclear from the record what role his race and age played in the district court's determination of the sentence. He suggests that if the district court thought he was only 29, it is reasonable to believe the court would have found him more likely to recidivate and would not have characterized his unscored criminal history as extensive because most of that history occurred by the time he was 18, nearly 20 years before the present offense. Otherwise, he can only speculate on the role that race and age played.

Because Daugherty did not object to the district court's reference to his race or its misstatement of his age, we review only for plain error. *See United States v. Eddington*, 65 F.4th 1231, 1240 (10th Cir. 2023) ("[W]hen a defendant fails to preserve an objection to the procedural reasonableness of his sentence, we review only for plain error." (internal quotation marks omitted)). "We will find plain error only when there is (1) error, (2) that is plain, which (3) affects substantial rights, and

7

which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Wireman*, 849 F.3d at 962 (internal quotation marks omitted).[2]

We first address the district court's reference to Daugherty's tribal membership. "Race" is "not relevant in the determination of a sentence," U.S. Sent'g Guidelines Manual § 5H1.10 (U.S. Sent'g Comm'n 2024), and "it would surely be impermissible for a court to consider the defendant's race in support of an upward variance," *United States v. Pinson*, 542 F.3d 822, 836 (10th Cir. 2008). Although the district court referred to Daugherty's race, it did not tie his race to its decision to vary upward. Instead, as previously discussed, the district court provided multiple other reasons in support of the variance. Moreover, Daugherty's tribal membership was jurisdictionally relevant to one of the statutes of conviction, 18 U.S.C. § 1153, which concerns "[a]ny Indian who commits . . . manslaughter . . . within the Indian country." In these circumstances, we cannot say that the passing reference to Daugherty's tribal membership was an error, let alone a plain error. *See United States v. Sayad*, 589 F.3d 1110, 1118 (10th Cir. 2009) (concluding that "the district court's single use of [a] term as descriptive shorthand was not . . . unreasonable.").

Next, the district court's misstatement of Daugherty's age was a plain factual error, but we fail to see how it affected his substantial rights. If Daugherty had

---

[2] Daugherty argues that he adequately challenged the procedural reasonableness of his sentence when he objected to the upward variance at the sentencing hearing. But although he made a heartland argument, he did not address the district court's reference to his tribal status or the court's misstatement of his age. We therefore conclude that he is entitled only to plain-error review.

corrected the district court and made clear that, at sentencing, he was not 29 years old but instead 39, the court might well have, as the government argues, considered him less sympathetic because he "had an additional ten years to improve his life and failed to do so," Aplee. Br. at 19. Moreover, we disagree with Daugherty that if the district court had considered him to be 39, it might not have characterized his criminal history as "extensive" given that "the bulk of [his] unscored criminal history occurred . . . nearly 20 years before the present offense." Aplt. Br. at 15 (internal quotation marks omitted). His unscored criminal history is fixed, independent of any time gap between the offenses constituting that history and his age at sentencing.

## B.     Substantive reasonableness

"We do not apply a presumption of unreasonableness to sentences outside the guidelines range." *Guevara-Lopez*, 147 F.4th at 1184 (internal quotation marks omitted). "Instead, we give due deference to the district court's decision that the § 3553(a) factors, on the whole, justify the extent of the variance." *Rocha*, 145 F.4th at 1261 (brackets and internal quotation marks omitted). Our review "focuses on the district court's consideration of the § 3553(a) factors and the sufficiency of the justifications used to support the sentence." *United States v. Lawless*, 979 F.3d 849, 855 (10th Cir. 2020).

Daugherty argues that his sentence is substantively unreasonable because the district court did not adequately explain the sentence or how it applied the § 3553(a) factors, and those factors do not justify the variance. With one exception, this argument mirrors much of Daugherty's procedural-reasonableness argument. To that

9

extent, we reject it for the same reasons we concluded that the district court adequately explained the upward variance. *See United States v. Crosby*, 119 F.4th 1239, 1248 (10th Cir. 2024) (acknowledging the "murky" line "between procedural and substantive reasonableness when a challenge is based on the district court's explanation of the § 3553(a) factors" (internal quotation marks omitted)); *Guevara-Lopez*, 147 F.4th at 1183 ("Though relegated to separate categories, procedural reasonableness overlaps with substantive reasonableness when a challenge is based on the district court's explanation of the § 3553(a) factors." (internal quotation marks omitted)); *cf. Crosby*, 119 F.4th at 1248 ("[W]e have concluded a sentence is substantively unreasonable where the district court placed nearly exclusive focus on one § 3553(a) factor and did not explain the weight afforded to other factors . . . ." (internal quotation marks omitted)).

The one exception to Daugherty's overlapping arguments is his contention that the district court did not adequately consider "the need to avoid unwarranted sentencing disparities," § 3553(a)(6). He points to sentencing statistics showing that, from 2020 through 2024, 88% of defendants who, like him, had a criminal history category of III and were sentenced under guidelines section 2A1.4 were sentenced within or below the guidelines range, with the average sentence being 38 months and the median sentence 40 months.[3]

_____

[3] It is uncertain whether this argument involves substantive reasonableness, because failure to consider a § 3553(a) factor is typically an attack on procedural reasonableness. *See Rocha*, 145 F.4th at 1260 (listing failure to consider the § 3553(a) factors among procedural errors). However, we need not decide the

Daugherty did not present this statistical argument to the district court, but he contends that his request for "a sentence shorter than the one imposed" is sufficient to preserve it. Aplt. Br. at 19. In support, he cites *Holguin-Hernandez v. United States*, 589 U.S. 169 (2020). In that case, the Supreme Court held that a defendant who had requested a sentence of less than 12 months but did not refer to the reasonableness of the sentence had preserved his claim on appeal that a twelve-month sentence was unreasonably long. *See id.* at 171, 174. However, in a concurring opinion, Justice Alito made clear that "a generalized argument in favor of less imprisonment will [not] insulate all [substantive-reasonableness] arguments regarding the length of a sentence from plain-error review." *Id.* at 176 (Alito, J., concurring). Instead, when "determining whether arguments have been preserved, courts should make a case-specific assessment of how the error was 'brought to the court's attention.'" *Id.* (quoting Fed. R. Crim. P. 52(b)).

Here, Daugherty never brought his statistical argument to the district court's attention. Our review, therefore, would be for plain error. But Daugherty has not argued for plain-error review; he instead contends only that the district court abused its discretion. Thus, he has waived appellate review of his statistical argument. *See United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019) (failure to argue for

---

question because, as we explain, even viewed as a question of substantive reasonableness, we review only for plain error, and Daugherty has not argued for plain-error review.

plain-error review of an argument not presented to the district court results in waiver of appellate review).[4]

In sum, having considered the district court's explanation, we are satisfied that the court varied "from the Guidelines after a careful, reasoned, and reasonable consideration of the § 3553(a) factors." *United States v. Huckins*, 529 F.3d 1312, 1320 (10th Cir. 2008); *see also Guevara-Lopez*, 147 F.4th at 1183 ("A cogent and reasonable explanation for a sentence makes that sentence more likely within the bounds of reasonable choice . . . ." (internal quotation marks omitted)).  We therefore conclude that Daugherty's sentence is substantively reasonable.

## IV.  CONCLUSION

We affirm Daugherty's sentence.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[4] Even under plain-error review, we would conclude that the sentence did not violate Daugherty's substantial rights because the district court gave good reasons why any sentencing disparity was warranted.